United States District Court
For the Northern District of California

1
2
3
4
5
6                        UNITED STATES DISTRICT COURT
7                      NORTHERN DISTRICT OF CALIFORNIA
8
9   AGAPITO DIAZ VASQUEZ, JR.,              No. C 12-3770 JSW (PR)
10                 Petitioner,
                                            **ORDER DENYING PETITION**
11       v.                                 **FOR WRIT OF HABEAS**
                                            **CORPUS AND CERTIFICATE**
12  R.J. RACKLEY,                           **OF APPEALABILITY**
13                 Respondent.
14  _____/
15
16                           **INTRODUCTION**
17        Petitioner Agapito Diaz Vasquez, Jr. filed a petition for a writ of habeas petition
18  pursuant to 28 U.S.C. § 2254.  Respondent filed an answer and lodged exhibits with the
19  Court.  Petitioner replied with a traverse.  For the reasons set out below, the petition is
20  DENIED.
21                           **BACKGROUND**
22  **I.      Procedural Background**
23        Petitioner's trial arose out of allegations that he molested his girlfriend's seven-year-
24  old granddaughter, A.D., on four separate occasions.  The People charged Petitioner with
25  four counts of lewd or lascivious acts on a child under the age of fourteen.  Cal. Pen. Code §
26  288(a).  A jury in Santa Clara Superior Court found Petitioner guilty on all four counts.
27  After finding that Petitioner had prior "strike" convictions, the trial court sentenced him to a
28  term of seventy-five years to life in state prison.  On direct appeal, the California Court of

1   Appeal affirmed the conviction, and the California Supreme Court denied review.  Petitioner

2   then filed the instant federal petition.

3   **II.     Factual Background**

4          A.D. often visited her grandmother, Ernestine, with whom Petitioner resided.

5   Ernestine did not tell A.D.'s mother that Petitioner was a convicted pedophile.

6   Consequently, A.D. sometimes spent the night at Ernestine's residence.  A.D. told her aunt

7   that Petitioner had molested her.  At trial, A.D. testified that Petitioner molested her on four

8   separate occasions between October 2008 and January 2009.  A.D. described how Petitioner

9   placed his fingers on her 'private' on each occasion.  She testified that she did not come

10  forward sooner because she was afraid of getting in trouble and of Ernestine.  A.D. could not

11  recall specific dates for each molestation.

12         Petitioner's defense consisted of attacking the victim's credibility.  To reinforce

13  A.D.'s credibility, the prosecutor called an expert witness who testified about children's post-

14  molestation behavior.  Also, one of Petitioner's prior molestation victims testified that

15  Petitioner molested her in a similar manner.

16                          **STANDARD OF REVIEW**

17         This Court may entertain a petition for writ of habeas corpus only when a prisoner is

18  in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).

19  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts federal

20  habeas review of claims that a state court has "adjudicated on the merits."  28 U.S.C. §

21  2254(d).  When a state court has adjudicated a claim on the merits, this Court may not grant a

22  petition challenging a state conviction unless the state court's adjudication of the claim is an

23  "unreasonable application of" or "contrary to" federal law.  *Williams v. Taylor*, 529 U.S. 362,

24  407-09 (2000).  A state court's decision is an "unreasonable application of" federal law if it

25  correctly identifies the governing Supreme Court precedent, but unreasonably applies it to a

26  petitioner's case.  *Id.* at 411.  A state court's decision is "contrary to" federal law only if that

27  court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

28

*(left margin, rotated)* **United States District Court**  For the Northern District of California

United States District Court

For the Northern District of California

1    of law . . . or a set of materially indistinguishable facts." *Williams,* 529 U.S. at 412-13.

2           Petitioner argues that AEDPA is unconstitutional because it suspends the writ of

3    habeas corpus, and violates separation of powers principals. These arguments have been

4    rejected by the Ninth Circuit. *See Crater v. Galaza*, 491 F.3d 1119, 1126, 1129 (9th Cir.

5    2007).

6                                              **ANALYSIS**

7           Petitioner claims that the trial court erred in its jury instructions regarding expert

8    testimony and unanimity. He contends that the trial court erroneously omitted essential

9    sections of both instructions, and that these omissions deprived him of due process.[1]

10   **I.      Expert Testimony Instruction**

11          The trial court instructed the jury with part of CALCRIM No. 1193 as follows: "You

12   have heard testimony from Carl Lewis regarding [C]hild [S]exual [A]buse [A]ccommodation

13   [S]yndrome [("CSAAS").] Carl Lewis's testimony . . . is not evidence that the defendant

14   committed any of the crimes charged against [him]." (Ans., Ex. F at 2.) The trial court

15   omitted the second part of CALCRIM No. 1193 – that the jury could "consider this evidence

16   only in deciding whether or not [the victim's] conduct was not inconsistent with the conduct

17   of someone who has been molested, and in evaluating the believability of (his/her)

18   testimony." (*Id.*) Petitioner argues that the trial court's omission of the second part of the

19   instruction that the CSAAS evidence could be used to explain a child's post-molestation

20   behavior led the jury to believe that evidence of the CSAAS symptoms could be used to

21   prove that molestation occurred. Petitioner contends, moreover, that this constitutionally

22   erroneous instruction prejudiced his defense because the trial was close insofar as the jury

23   deliberated for nine hours and asked to be re-instructed.

24          The state appellate court agreed that omitting the second part of the instruction was

25   error, but the court found the error harmless because in giving the testimony about CSAAS,

---

27          [1] Petitioner's claim that the trial court improperly admitted expert testimony is not
     addressed because Petitioner raised it only in his traverse. *See Cacoperdo v. Demosthenes*,
28   37 F.3d 504, 507 (9th Cir. 1994).

the expert explained that it was simply to clarify a child's potential reaction to sexual abuse. In addition, the trial court instructed the jury elsewhere that the CSAAS testimony "[was] not evidence that the defendant committed any . . . crimes."   Based on these two factors, the state appellate court found that the jury was adequately informed of the limitations of the the CSAAS evidence, in particular that it could not be used to determine whether molestations occurred.

A challenge to a jury instruction solely as an error under state law is not cognizable in federal habeas corpus proceedings. *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991).  Federal habeas relief is available for instructional error only if the error "so infected the entire trial that the resulting conviction violate[d] due process." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  Petitioner must show that there is a "reasonable likelihood" that the jury misapplied the instruction. *Estelle*, 502 U.S. at 72.  A determination that there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution establishes only that an error has occurred. *Calderon v. Coleman*, 525 U.S. 141, 146 (1998). If an error is found, the Court also must determine that the error had a substantial and injurious influence in determining the jury's verdict, under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), before granting relief in habeas proceedings. *Calderon,* 525 U.S. at 146-47.

Even assuming that the trial court's instruction amounted to constitutional error, the error was not prejudicial under the *Brecht* standard.  Petitioner claims that the prejudice is that the jury could have used the CSAAS testimony as evidence to establish that he molested A.D..  Given the record as a whole, this is extremely unlikely.  Instructions provided by the court expressly prohibited the jury from drawing such an inference, stating that the CSAAS "testimony is not evidence that the defendant committed any of the crimes charged against him." (Ans., Ex. F at 4.)  "[A] jury is presumed to follow its instructions," *Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and Petitioner offers nothing to overcome this presumption here.  Moreover, Lewis himself testified that he did not know about the facts of this case, that he was not diagnosing the victim, and that was offering this information only to dispel preconceptions about victims of sexual abuse in general. (3 RT 346, 358.)  In

1   addition, the prosecutor did not seek to use Lewis's testimony to show establish Petitioner's

2   guilt.  Instead, the prosecutor argued simply that this evidence supported the victim's

3   credibility, which was under siege.  (3 RT 6-24; Pet. at 32-33.)  The omitted portion of

4   CALCRIM No. 1193 clarified that the evidence could only be used to disabuse mistaken

5   beliefs about sexual abuse, but the given instructions, the expert's own testimony, and the

6   prosecutor's use of the evidence made it very unlikely that the evidence was used for any

7   impermissible purpose such as to show that the molestations occurred.  Therefore, Petitioner

8   has failed to show that the instruction had a substantial and injurious influence in determining

9   the jury's verdict so as to cause him prejudice within the meaning of *Brecht*.  The state

10  appellate court's adjudication of this claim was not contrary to nor an unreasonable

11  application of federal law.

12  **II.      Unanimity Instruction**

13          Petitioner claims that the trial court deprived him of due process by failing to require

14  the jury to find each count unanimously.  The trial court instructed the jury with a portion of

15  CALCRIM No. 3501:

16          The defendant is charged with lewd and lascivious acts on a child under
            the age of [fourteen] in Counts 1, 2, 3, and 4 sometime during the period of
17          October 1st, 2008, to December 31st, 2008.
            The People have presented evidence of more than one act to prove that the
18          defendant committed these offenses.  You must not find the defendant
            guilty unless: (1) You all agree that the People have proved that the
19          defendant committed at least one of these acts and you all agree on which
            act he committed for each count.

20  (Ans., Ex. F at 2.)  The trial court omitted part of CALCRIM No. 3501, which

21  reads:

22
            OR (2) You all agree that the People have proved that the defendant
23          committed all the acts alleged to have occurred during this time period
            [and have proved that the defendant committed at least the number of
24          offenses charged].

25  (*Id.*)  The trial court additionally instructed the jury with CALCRIM No. 3515, which

26  provides that "[e]ach of the counts charged in this case is a separate crime.  You must

27  consider each count separately and return a separate verdict for each count."  (Ans., Ex. F at

28  2.)

Jury instructions must be considered holistically – not in artificial isolation. *Estelle v. McGuire,* 502 U.S. 62, 72 (1991). Unless Petitioner shows the ailing instruction infected the instructions as a whole and violated due process, federal collateral relief is not warranted. *Id.*

Petitioner's argument is fatally dependent on isolating one instruction. He contends that the trial court's alteration of CALCRIM No. 3501 gave the jury the impression that if it found him guilty on one count, then it could find him guilty on all counts. CALCRIM No. 3515 remedies the trial court's alteration of CALCRIM No. 3501 by requiring the jury to consider each count separately. CALCRIM No. 3515 necessarily led the jury to decide whether each act occurred individually. Accordingly, the ailing instruction did not infect the instructions as a whole, and the state appellate court's adjudication of this claim was neither an unreasonable application of nor contrary to federal law.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.


DATED: <u>July 31, 2013</u>

JEFFREY S. WHITE
United States District Judge

United States District Court

For the Northern District of California

6

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AGAPIDO YASQUEZ,

          Plaintiff,

  v.

R.RACKLEY et al,

          Defendant.

_____/

Case Number: CV12-03770 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Agapito D. Vasquez
AD-0805
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: July 31, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk